UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Disability Support Alliance and Scott Smith,

    Plaintiffs,

v.   Civil No. 15-3714 (JNE/JJK)
ORDER

Geller Family Limited Partnership III,

    Defendant.

Disability Support Alliance (DSA) and one of its members, Scott Smith, brought this action against Geller Family Limited Partnership III (Geller).  They asserted claims for violations of the Americans with Disabilities Act (ADA) and the Minnesota Human Rights Act (MHRA), as well as a claim for civil damages for bias offenses.  The case is before the Court on Geller's Motion to Dismiss Plaintiffs' Complaint, or Alternatively, to Strike Counts II and III of Plaintiffs' Complaint.  For the reasons set forth below, the Court dismisses the ADA claim for lack of subject-matter jurisdiction.  Because the Court lacks jurisdiction over the ADA claim, the Court cannot exercise supplemental jurisdiction over the remaining claims.  The Court dismisses the action without prejudice.

## I.   BACKGROUND

The following summarizes the Complaint's allegations.  DSA is a Minnesota corporation whose purposes are to eliminate discrimination on the basis of disability and to promote the betterment of the lives of those living with disabilities.  Each member of DSA has a disability and lives in Minnesota.

1

Scott is a member of DSA. He has arthrogryposis and uses a wheelchair for mobility.

Geller is the owner and lessor of real property in Eagan, Minnesota. A multi-tenant commercial building, the Eagan Convenience Center, is located on the property.

On or about April 22, 2015, Smith visited the Eagan Convenience Center. Its tenants included a mattress retailer, a coffee shop, a restaurant, a hair salon, and a mortgage company. Of more than 90 parking spaces in the Eagan Convenience Center's parking lot, Smith found two accessible parking spaces marked with paint and signage and accompanied by an adjacent access aisle. The access aisle was not level; it included a ramp that extended away from the curb and down to the surface of the parking lot.

Smith's car uses a car-top wheelchair carrier. He cannot use the carrier if a vehicle is parked in an adjacent parking spot. A sloped access aisle presents the danger of his wheelchair rolling away during a transfer between his wheelchair and his vehicle. In light of the accessible parking spaces that he encountered at the Eagan Convenience Center, Smith and other members of DSA are allegedly deterred from visiting it. They intend to patronize the Eagan Convenience Center when they learn that it has been made fully accessible to individuals who use wheelchairs for mobility.

Smith and DSA identified two allegedly unlawful physical barriers at the Eagan Convenience Center. First, there were only two accessible parking spaces with adjacent access aisles instead of the four required by the 2010 ADA Standards for Accessible Design (2010 Standards). Second, the access aisle adjacent to the two accessible parking spaces was not level, in violation of the 2010 Standards.

DSA and Smith asserted three causes of action in their Complaint, which they filed in September 2015. Seeking declaratory and injunctive relief, they asserted violations of Title III of the ADA in their first cause of action. Seeking declaratory, injunctive, and monetary relief, Smith and DSA asserted violations of the MHRA in their second cause of action. They sought civil damages for bias offenses in their third cause of action.

## II.   DISCUSSION

Citing Rule 12(b)(6) of the Federal Rules of Civil Procedure, Geller asserted that Smith and DSA failed to state a claim for violation of the ADA because they lack standing. "[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction. Therefore, a standing argument implicates Rule 12(b)(1)." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (citation omitted).

"Article III of the U.S. Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Dig. Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 956 (8th Cir. 2015). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing" requires the plaintiff to show he has suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and that will likely be redressed by a favorable decision. *Id.*; *see Dig. Recognition Network*, 803 F.3d at 956. "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the

organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Iowa League of Cities v. EPA*, 711 F.3d 844, 869 (8th Cir. 2013) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000)). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth*, 528 U.S. at 185. Standing is assessed as of the time a lawsuit is commenced. *Iowa League of Cities*, 711 F.3d at 869. As the parties asserting federal jurisdiction, DSA and Smith bear the burden of establishing their standing. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (citation omitted); *see Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6 (citation omitted); *see Branson Label*, 793 F.3d at 914-15.

Geller asserted a factual attack. It asserted that it had renovated the Eagan Convenience Center's parking lot in June and July 2015, that the renovations were carried out as part of a site modification plan set in place by a conditional use permit that the City of Eagan approved in October 2013, and that the renovations to the parking lot

4

redressed the alleged violations of the ADA identified by Smith and DSA in their Complaint. Declarations attached to Geller's motion support its assertion that the renovations to the Eagan Convenience Center's parking lot in June and July 2015 yielded four handicapped-accessible parking spaces that abut level access aisles. Because it redressed the alleged ADA violations before Smith and DSA commenced this action, Geller asserted that Smith and DSA lack standing to pursue their ADA cause of action.

Although Smith and DSA did not contest that Geller renovated the Eagan Convenience Center's parking lot after Smith's visit in April 2015, they raised several arguments in opposition to Geller's assertion that they lack standing. First, Smith and DSA asserted that the declarations submitted by Geller failed to establish that the renovations complied with the ADA. Specifically, Smith and DSA contended that the declarations did not address "nearly every single one of [eight] requirements" set forth in the 2010 Standards. The requirements identified by Smith and DSA are (1) minimum width, (2) minimum length, (3) marking/identification requirements, (4) access aisle requirements, (5) required location, (6) maximum slope, (7) minimum vertical clearance, and (8) relationship to accessible routes. DSA and Smith's speculation about ADA violations that might exist in the renovated parking lot is insufficient to satisfy their burden to establish their standing. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.' And it is the burden of the 'party who seeks the exercise of jurisdiction in his favor'

'clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" (citations omitted)).

Next, Smith and DSA argued that the declarations submitted by Geller demonstrated ongoing violations of the ADA. According to Smith and DSA, the renovated access aisles, which are marked with diagonal striping, lack required "no parking" signage. The 2010 Standards state that "[a]ccess aisles shall be marked so as to discourage parking in them." An advisory note follows the quoted requirement: "The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations." To support their assertion that Geller failed to install a required "no parking" sign, Smith and DSA relied on Minnesota Rules, part 1341.0502, which states in part: "Access aisles shall be marked so as to discourage parking in them and be provided with the designation 'no parking.' The 'no parking' designation shall be provided on a sign centered at the head end of the access aisle . . . ." An exception, which Geller cited in its reply, provides that "[a] sign indicating no parking shall not be required where the sign would obstruct a curb ramp or pedestrian route. In this case, the no parking designation shall be provided on the surface of the access aisle." That Geller might have violated Minnesota Rules, part 1341.0502, an issue on which the Court expresses no opinion, does not support Smith and DSA's assertion of ongoing ADA violations. *See* 28 C.F.R. § 36.406 ("Unless specifically stated otherwise, the advisory notes, appendix notes, and figures contained in the 1991 Standards and 2010 Standards explain or illustrate the requirements of the rule; they do not establish enforceable requirements.").

6

Third, Smith and DSA asserted that Geller's motion is premature.  The Court disagrees.  *See Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008); *Osborn*, 918 F.2d at 730.

Finally, Smith and DSA argued that the Eighth Circuit's decision in *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000), "holds that [they] have standing to conduct a site inspection of [Geller's] premises and demand removal of the barriers they discover during that site inspection."  In *Steger*, one of the plaintiffs, a blind individual, entered the defendant's building to use the restroom. 228 F.3d at 891.  After he received directions to it, he was unable to locate the restroom because it was not marked with signage that would identify it to a blind person. *Id.* at 891-92.  A couple of months later, he sued the building's owner to bring the building into compliance with the ADA. *Id.* at 891.  Almost two years after the action's commencement, the district court heard a motion for a preliminary injunction. *Id.*  At the hearing, the plaintiff's expert testified that she had visited the building approximately eight months after the complaint's filing; that, at the time of her visit, the signage for the restroom that the plaintiff had attempted to use complied with the ADA; and that there were numerous structural barriers that violated the ADA. *Id.* at 892.  Concluding that the plaintiff was injured by the signage that was not ADA-compliant and that his injury had been redressed because the signage currently complied with the ADA, the district court dismissed the plaintiff's claim for lack of standing. *Id.*  The Eighth Circuit reversed. *Id.* at 893-94.  The Eighth Circuit concluded that the plaintiff was injured by the restroom signage that did not comply with the ADA, that he lacked standing to redress ADA violations unrelated to his disability,

7

that the redressability of his injury was not restricted to the restroom's signage, and that he had standing to seek relief for any ADA violations in the building affecting his disability. *Id.*

*Steger* does not confer "standing [on Smith and DSA] to conduct a site inspection" so that they may "demand removal of the barriers they discover during that site inspection."  In their Complaint, Smith and DSA identified two alleged violations of the ADA: an insufficient number of accessible parking spaces and an access aisle that was not level.  Before Smith and DSA brought this action, Geller had renovated the Eagan Convenience Center's parking lot.  The renovations redressed the ADA violations identified by Smith and DSA in their Complaint.  Unlike the plaintiff in *Steger*, Smith and DSA identified no other violations of the ADA at the Eagan Convenience Center. *See id.* at 893 ("[T]he redressability of [the plaintiff's] injury is not restricted to the signage at the first-floor men's restroom as [the owner] contends.  Although [the plaintiff] was injured by [the owner's] failure to employ ADA-compliant signage, [the plaintiff's expert] testified that the building contains other violations that could injure blind persons."); *cf. id.* at 892 (stating that "plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, [but] they must at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers" (citation omitted)).  Smith and DSA have not demonstrated a right to discovery. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043-44 (9th Cir. 2008) ("[W]here a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one

8

alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim."). Nor have they adequately supported their request for discovery.  *See Johnson*, 534 F.3d at 964-65.

A private party may seek injunctive relief under Title III of the ADA. 42 U.S.C. § 12188(a)(1) (2012); *Stebbins v. Legal Aid of Ark.*, 512 F. App'x 662, 663 (8th Cir. 2013) (unpublished per curiam); *Steger*, 228 F.3d at 892.  Because it is not likely that their alleged injury will be redressed by a favorable decision, the Court concludes that Smith and DSA lack standing to assert their ADA cause of action.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) ("Because respondent alleges only past infractions of EPCRA, and not a continuing violation or the likelihood of a future violation, injunctive relief will not redress its injury."); *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004) ("The controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution.").

In short, DSA and Smith lack standing to assert their ADA claim.  Because the Court lacks subject-matter jurisdiction over their ADA claim, the Court cannot exercise supplemental jurisdiction over their state-law claims.  *City of Kansas City v. Yarco Co.*, 625 F.3d 1038, 1041 (8th Cir. 2010) ("Given the absence of standing on the FHA claim, the state and local claims cannot proceed in federal court.  Supplemental jurisdiction requires at least one claim within the district court's original jurisdiction.").  Thus, the Court dismisses this action without prejudice.  *See Benjamin*, 361 F.3d at 464.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Geller's Motion to Dismiss Plaintiffs' Complaint, or Alternatively, to Strike Counts II and III of Plaintiffs' Complaint [Docket No. 8] is GRANTED.

2. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 3, 2016

                 s/Joan N. Ericksen
                 JOAN N. ERICKSEN
                 United States District Judge